UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-63(1) |
| | ) | |
| CHARLES BURKE | ) | |

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address the defendant's January 16, 2019 motion to modify an imposed term of imprisonment, and defendant's May 23, 2019 supplemental motion for the imposition of a reduced sentence pursuant to the First Step Act. [Docs. 59, 61]. The government has responded, [Doc. 62], and defendant replied, [Doc. 65]. The matter is now ripe for review.

I.  **Background**

In September 2008, the defendant pled guilty to Count One of the indictment for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, conspiracy to distribute, and possession with the intent to distribute, fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, and Count Nine of the indictment for violating 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime. [*See* Doc. 30]. At the March 2009 sentencing hearing, the Court found that the offense involved 567.3 grams of cocaine base, which corresponded to a base offense level of 34. [Presentence Investigation Report (PSR) ¶¶ 16]. After a three-level reduction for acceptance of responsibility, the Court calculated a Guidelines range of 135 to 168 months on Count One. *See* U.S.S.G. 4B1.1(b). Count Nine, possession of a firearm in furtherance of a drug trafficking crime, carried a mandatory consecutive sentence of 60 months' imprisonment. [PSR ¶ 56]. *See* 18 U.S.C. § 924 (c)(1)(A). With the consecutive sentence, defendant's total

Guidelines range was 195 to 228[1] months' imprisonment.

The Court imposed a sentence of 120 months as to Count One, and 60 months as to Count Nine, to run consecutively, for a total effective sentence of 180 months' imprisonment. [Doc. 51 at 2]. Defendant was sentenced to a five-year term of supervised release as to Count One and a five-year term of supervised release as to Count Nine, to run concurrently, for a total effective term of supervised release of five years. [*Id.* at 3]. The government and defendant inform the Court that defendant's current release date is August 16, 2021, according to the Federal Bureau of Prison's website. [Docs. 61 at 3, 62 at 2].

## II. Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act expressly permits sentence modification for some defendants.

On December 21, 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, into law. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public

---

[1] The supplemental motion, [Doc. 61], misstates defendant's guideline range as 195-288 months' imprisonment. [*Id.* at 2].

Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

On August 3, 2010, the Fair Sentencing Act of 2010. Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the defendant could not obtain relief under the Fair Sentencing Act.

Defendant argues that he is eligible for a sentence reduction under § 404. [Doc. 61]. More particularly, defendant argues his drug offense is a "covered offense" under Section 404(a), because the statutory penalty in Count One was modified by section 2 of the Fair Sentencing Act, and his violation was committed before August 3, 2010. [*Id.* at 4-6]. As such, he argues the Court should impose a reduced proportional sentence of 147[2] months' imprisonment, at the bottom of his new current guideline range, which he would then render him eligible for a time served sentence and subject to immediate release. [*Id.* at 6].

The government argues that even though defendant committed his offense before August 3, 2010, and even though his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, he does not qualify for a sentence reduction. [Doc. 62 at 2-11]. The government further argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that the drug quantity listed in defendant's PSR makes him ineligible. [*Id.*].

Defendant argues "the quantity of crack charged and to which he pled guilty is the relevant

---

[2] In his reply brief, [Doc. 65], defendant argues for a sentence reduction of 120 months. [*Id.* at 16].

quantity for determining whether defendant is eligible" for a § 404 reduction. [Doc. 61 at 6]. Specifically, defendant argues that drug weight is an element of the offense, and the statutory weight controls eligibility and not the drug weight in the factual basis of the plea agreement or the PSR. [*Id.* at 6-15]. Defendant maintains the 50 grams of cocaine base alleged in the plea agreement and indictment and not the 567.3 grams of cocaine base listed in the PSR dictate his eligibility under 404. [*Id.* at 15].

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. [Doc. 62 at 11-12]. Because defendant was found responsible for 567.3 grams of cocaine base, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act. [*Id.* at 5].

The government's interpretation of § 404(a) is contrary to the weight of persuasive authority, both within and outside the Sixth Circuit. *See United States v. Rose*, ___ F. Supp. 3d ___, No. 03-CR-1501 (VEC), 2019 WL 2314479, at *11-13 (S.D.N.Y. May 24, 2019) (collecting cases); *United States v. Stanback*, ___ F. Supp. 3d ___, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019) (concluding defendant was eligible for relief despite a judicial finding that he was responsible for 1.5 kilograms of crack cocaine); *United States v. Pride*, Nos. 1:07CR00020-001, 1:07CR00020-002, 2019 WL 2435685, at *13-14, (W.D. Va. June 11, 2019) (relying on the drug weight charged in the indictment and not the drug weight attributed in the PSR in considering defendant's First Step Act motion); *United States v. Martinez*, No. 04-cr-48-20 (JSR), 2019 WL 2433660, at *7 (S.D.N.Y. June 10, 2019) (collecting cases); *United States v. Bradshaw*, No. 2:05-cr-17-01, 2019 WL 2290595, at *4 (W.D. Mich. May 15, 2019) (holding the statute of conviction, and not the conduct outlined in the PSR controlled); *United States v. Robinson*, No. 97-30025, 2019 U.S. Dist. LEXIS 82432, at *4-6

(C.D. Ill. May 15, 2019) (finding defendant eligible for relief despite being held accountable for 500 grams of crack cocaine at sentencing); *United States v. Allen*, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2-3 (D. Conn. Apr. 26, 2019); *United States v. Davis*, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act"). *See also United States v. Stone*, No. 1:96 CR 403, 2019 U.S. Dist. LEXIS 99457, at *6-7 (N.D. Ohio June 13, 2019); *United States v. Laguerre*, No. 5:02-CR-20098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019).

A few cases have "cut against the grain" but these decisions remain outliers. *Martinez*, 2019 WL 2433660, at *7. *See, e.g., United States v. Boulding*, ____, F. Supp. 3d ___, No. 1:08-cr-65-01, 2019 WL 2135494 (W.D. Mich. May 16, 2019); *United States v. Blocker*, ____ F. Supp. 3d ___, No. 4:07cr36-RH, 2019 WL 2051957, at *3-4 (N.D. Fla. Apr. 25, 2019); *United States v. Banuelos*, No. 02-cr-084 WJ, 2019 WL 2191788, at *6-8 (D.N.M. May 21, 2019); *United States v. Potts*, No.2:98-cr-14010-ROSENBERG, 2019 WL 1059837, at *(S.D. Fla. Mar. 6, 2019).

"The government's interpretation of section 404 would preclude a court from granting relief when, as in this case, the record contains a judicial finding of a drug quantity of 280 grams or more of crack cocaine based on a preponderance of the evidence." *Allen*, 2019 WL 1877072, at *8-9. Moreover, "[t]oday with limited exception, any fact that enhances a statutory penalty must be proven beyond a reasonable doubt." *Id.* at *9 (citation omitted). *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Although *Apprendi* and *Alleyene* are not retroactively applicable on collateral review, district courts have found that their holdings are applicable in the context of the First Step

5

Act. *United States v. Ancrum*, No. 5:02-CR-30020, 2019 U.S. Dist. LEXIS 81455, at *7 (W.D. Va. May 14, 2019). *See Stone*, 2019 U.S. Dist. LEXIS 99457, at *8-9 (applying the holding from *Apprendi* in considering the appropriateness of a sentencing reduction under the First Step Act); *United States v. Shaw*, No. 02-cr-162-bbc, 2019 WL 2477089, at *8-10 (W.D. Wis. June 13, 2019) (noting that Congress is presumed to legislate in light of constitutional requirements, and it presumptively enacted the First Step Act in light of the holding in *Alleyne*); *United States v. Simons*, No. 07-CR-00874, 2019 WL 1760840, at *16 (E.D.N.Y. Apr. 22, 2019) (citing *Alleyne* and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United *States v. Dodd*, No. 3:03-CR-18-3, 2019 WL 1529516, at *5 (S.D. Iowa Apr. 9, 2019) (finding that "[b]oth *Apprendi* and *Alleyne* are binding on this Court for sentencings held today" in a First Step Act case).

Applying *Apprendi* and *Alleyne* in this case, defendant is eligible for relief as to Count One under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subject to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the defendant is eligible for relief, this Court has the discretion under 404(b) to "to impose a reduced sentence" in accordance with the statutory penalties.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense 1evel as though Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant committed the offense, the Act reduced defendant's total offense level from 34 to 30, and then minus three levels for acceptance of responsibility. *See* U.S.S.G. 4B1.1(b). Based thereon, his guideline range for Count One is reduced from 135 to 168 months to 87 to 108 months. *See* U.S.S.G. § 5A (sentencing table for an offense

level 27 and criminal history category of III). On Count One, this Court sentenced the defendant to 120 months, below his guidelines range.

After its review of the record, the Court concludes that the defendant is eligible for relief in pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), and elects to exercise its discretion to reduce defendant's sentence as to Count One. The First Step Act now permits the Court to exercise the full range of its discretion with the Section 3553(a) factors. As such, the Court reduces defendant's sentence to 96 months' imprisonment on Count One.

This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. In evaluating the extent of the reduction, the Court takes into consideration the amount of cocaine base involved in the offense, and the fact that defendant was a significant dealer of multi-ounce distribution quantities of cocaine base for over a year.

To the extent defendant argues a reduction on his conviction on Count Nine, defendant is not eligible for a sentence reduction under the First Step Act on that count. [Doc. 61 at 15]. *See* [PSR ¶¶ 55, 56]. The Fair Sentencing Act only modified the amount of a mixture of substance containing cocaine base needed to trigger the mandatory minimums provided by 21 U.S.C. § 841, and did not affect any other offenses. Pub. L. No. 111-220, § 2. As such, this Court does not have jurisdiction to reduce a firearms sentence under the First Step Act[3]. *See Rose*, ___ F. Supp. 3d ___, 2019 WL 2314479, at *4-5 (noting that defendant's five-year mandatory consecutive sentence for a § 924(c)(1)(A) conviction remained unchanged under the Fair Sentencing Act); *United States v. Rivas*, No.04-cr-256-pp, 2019 WL 1746392, at *25 (E.D. Wis. Apr. 18, 2019) (the First Step Act does not "authorize the court to . . . ignore the requirement that a court must impose the five-year mandatory

---

[3] Section 403 the First Step Act amended § 924(c)(1)(C) to prohibit "stacking" and requires a final prior § 924(c) conviction in order for the mandatory minimum in § 924(c)(1)(c) to apply. However, that section is not applicable here as defendant only has one § 924(c)(1)(A) offense.

sentence required by §924(c) to run consecutively to any other sentence imposed."); *United States v. King*, No. 03-cr-249 (BAH), 2019 WL 415818, at *n. 5 (D.D.C. Feb. 1, 2019) (denying defendant's First Step Act motion but noting that even if the Fair Sentencing Act had been applied, the defendant would still have been required to serve the statutorily mandated consecutive § 924(c)(1)(A) sentences). *See also* 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years."). Therefore, defendant's consecutive sentence for the firearms offense remains unchanged.

In his reply brief defendant argues he is entitled to a plenary resentencing under the First Step Act. [Doc. 65 at 14-16]. Contrary to defendant's contentions, the First Step Act does not provide for a plenary resentencing. *See United States v. Boulding*, 2019 WL 2135494 at *14-15; *see also United States v. Davis*, 2019 WL 1054554, at *2 (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing.").

### III. Conclusion

Therefore, it is hereby **ORDERED** that the motions to reduce sentence pursuant to Section 404 of the First Step Act, [Docs. 59, 61], are **GRANTED** as to Count One only. Based on the record,

the Court, in its discretion, reduces the defendant's sentence on Count One to a period of 96 months. To the extent defendant seeks a reduction in sentence as to Count Nine, the motions are **DENIED**. All other terms and conditions of the defendant's judgment [Doc. 51], shall remain in full force and effect.

Contrary to defendant's assertion, defendant is not eligible for immediate release. Defendant's consecutive 60-month conviction for Count Nine for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), remains unchanged.

The Clerk of the Court is further **DIRECTED** to provide copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

So ordered.

ENTER:

                                                     s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE